**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

AVERY S. ESKEW                                    CIVIL ACTION NO. 17-1599

                                                  SECTION P

VS.

                                                  JUDGE TERRY A. DOUGHTY

JAMES LEBLANC, ET AL.                             MAG. JUDGE KAREN L. HAYES

<u>REPORT AND RECOMMENDATION</u>

Plaintiff Avery S. Eskew, a prisoner at Tensas Parish Detention Center proceeding pro se

and in forma pauperis, filed the instant proceeding on December 8, 2017.[1]  For the following

reasons, it is recommended that Plaintiff's claims be dismissed.

<u>Background</u>

On August 15, 2018, the undersigned ordered Plaintiff Avery S. Eskew to, within thirty

days, furnish to the Clerk of Court one (1) copy of the original Complaints filed on December 8,

2017, [doc. # 1], and January 9, 2018, [doc. # 4], one (1) copy of the Amended Complaint filed

on July 27, 2018, [doc. # 21], two (2) completed summonses, and one (1) completed USM-285

form for each Defendant for service.  [doc. # 25].

On September 10, 2018, the undersigned granted Plaintiff an additional sixty days to

comply with the Court's August 15, 2018 Order.  [doc. # 28].  On October 31, 2018, the

undersigned granted Plaintiff thirty additional days to comply with the Order.  [doc. # 30].

Finally, on November 19, 2018, the undersigned granted Plaintiff yet another extension of time

and instructed Plaintiff to comply with the Order by December 28, 2018.  [doc. # 33].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation
in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

On January 29, 2019, after cautioning Plaintiff that his failure to heed the August 15, 2018 Order was grounds for dismissal, the undersigned advised Plaintiff that, after February 8, 2019, in the absence of good cause shown, the Court intended to dismiss the Defendants for whom Plaintiff failed to complete and return the requisite service documents.

To date, Plaintiff has not returned any service documents or otherwise attempted to comply with the Court's Order.

## Law and Analysis

A district court may dismiss an action based on a plaintiff's failure to prosecute or comply with a court order.  FED. R. CIV. P. 41(b).  A court possesses the inherent authority to dismiss the action *sua sponte* on this basis.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  "The power to invoke this sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.*

Here, despite several extensions of time, Plaintiff has failed to comply with the Court's Order, and he has not attempted to show good cause for his failure.

## Conclusion

Accordingly, **IT IS RECOMMENDED** that Plaintiff Avery S. Eskew's claims be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 15th day of February, 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

3